**AVTEX FIBERS INC.**

v.

**VAN DRESSER CORPORATION.**

Civ. A. No. 85–5232.

United States District Court,
E.D. Pennsylvania.

Feb. 13, 1987.

Louis J. Sinatra, Peter L. Fiss, Richard H. Martin, Lesser & Kaplin, P.C., Blue Bell, Pa., for plaintiff.

Stuart H. Teger, Honigman Miller Schwartz and Cohn, Detroit, Mich., Debra Klebanoff, Wolf, Block, Schorr & Solis–Cohen, Philadelphia, Pa., for defendant.

S.Ct. 1478, 1481–82, 75 L.Ed.2d 403 (1983). *See Mitchell v. Baldrige, supra.*

## MEMORANDUM OF DECISION

LUDWIG, District Judge.

Findings of fact and conclusions of law are made pursuant to Fed.R.Civ.P. 52(a), this action having been heard without a jury. Jurisdiction exists by diversity of citizenship, 28 U.S.C. § 1332. Plaintiff is a Pennsylvania corporation and defendant, a Michigan corporation.

This action is for goods sold and delivered in the sum of $120,405.28. Defendant Van Dresser Corporation admits the amount claimed but counterclaimed for rebates in excess of that amount.[1] The hearing, therefore, proceeded on the counterclaim. The parties submitted a proposed joint order containing undisputed facts. Those facts, which I find, are as follows:

Plaintiff is Avtex Fibers Inc. ("Avtex"), a manufacturer of textiles, fabrics, and yarns. Defendant Van Dresser Corporation ("Van Dresser"), is a manufacturer of automotive interior trim parts sold directly to automobile manufacturers. Avtex manufactured an acetate fiber known as vinyon which was a principal ingredient in a product developed by Van Dresser known as FIBRMAT. Avtex commenced selling vinyon to Van Dresser for use in its FIBRMAT product in 1975.

In early 1982, Edward Bihun ("Bihun"), Executive Vice President of Van Dresser, took over responsibility for the FIBRMAT process within Van Dresser's research and development department. Thereafter, Michael F. Spann, Jr. ("Spann"), the Northern Regional Sales Manager for Avtex met with Bihun to discuss the future use of vinyon in FIBRMAT and Avtex's ability to supply Van Dresser with vinyon in the future.

On March 15, 1982, a meeting was conducted between Avtex and Van Dresser. At the meeting Van Dresser projected its need for vinyon into the future.

On June 28, 1982 Avtex met with Bihun to present its pricing proposal. At this meeting, Avtex made the proposal which was confirmed in the July 1, 1982 letter from Spann to Bihun. After this letter was received, Bihun continued to ask Spann to improve on the price of vinyon.

For the 1983–84 model year Avtex's list price for vinyon remained unchanged from the previous year, and Avtex continued to sell Van Dresser vinyon at $1.52 per pound. During the 1983–84 model year Van Dresser purchased 1,784,026 pounds of vinyon from Avtex.

During the 1984–85 model year, Avtex continued to charge Van Dresser its list price of $1.52 per pound for vinyon. Van Dresser purchased 1,485,000 pounds of vinyon from Avtex from August 1984 through March 1985, 1,645,507 pounds through April 15, 1985 and a total of 1,964,509 pounds through May, 1985.

Throughout the business relationship between Avtex and Van Dresser, Van Dresser expressed constant dissatisfaction with the price of vinyon and repeatedly discussed with Avtex alternatives to the use of Avtex's vinyon in its FibrMat product. Even after Avtex proposed the model year 1982–1983 pricing structure Van Dresser continued to express dissatisfaction with the price of vinyon and continued to request a lower price for vinyon from Avtex.

Beginning with the 1982–83 model year, Van Dresser's employee, Cheryl Kline ("Kline"), issued annual blanket purchase orders to Avtex. Kline forwarded blanket purchase orders to Avtex at the beginning of each model year (August 1) and would normally type in all information contained on the blanket purchase order from the previous model year, unless advised of any changes, either by Van Dresser or Avtex. The blanket purchase order was filed in the vendor purchasing file maintained for Avtex by Van Dresser. Changes or additions to the blanket purchase order would be

---

1. In defendant's proposed findings, the rebates counterclaimed are in the alternative amounts of $562,280.25; $490,353.90; $267,603.90; or $150,558.60—depending on various theories of the case.

issued on Van Dresser's form Supplement To Purchase Order.

Specific quantities of vinyon were ordered by Van Dresser on a weekly basis over the telephone. Kline would telephone Barry Lenox, Avtex's Senior Account Executive ("Lenox"), to place an order and would then send him a production release which would confirm the telephone conversation of the quantity purchased. Each production release referred to the corresponding blanket purchase order number, and contained a cumulative total of quantity received to date within each model year.

Following the telephone order, Lenox would confirm the order by sending Van Dresser a written order acknowledgment of the materials purchased along with the price. These order acknowledgments would then be filed by Cheryl Kline in Avtex's purchase file. Following the delivery of a shipment, Avtex would send Van Dresser an invoice indicating how much product had been shipped. Price per pound and total price were included on these invoices.

Throughout the entire business relationship between Avtex and Van Dresser, Van Dresser monitored its volume of purchases from Avtex. At the end of each model year, the final production release issued by Cheryl Kline would reflect the total amount of vinyon purchased from Avtex for that model year.

Van Dresser did not reach the volume discount level of purchases in its 1982–1983 model year. After the 1982–1983 model year, the subject of rebates or volume discounts was not discussed between the parties until early 1985 when Kline telephoned Lenox concerning the July 1, 1982 letter. Bihun asked Kline to contact Lenox. Kline was not aware of this letter, or of any agreement between Avtex and Van Dresser prior to being shown the letter by Bihun. The letter was not contained in her vendor file.

When Kline telephoned Lenox on Bihun's instructions, Lenox indicated he did not know anything about the letter. Thereafter, meetings were held between the parties concerning the matter. Avtex maintained the position that the volume discount or rebate had been granted to Van Dresser only for the 1982–1983 model year. Van Dresser contended that the rebate was still in effect. The parties were unable to resolve their dispute.

In May, 1985, Avtex sold its vinyon manufacturing business to Celanese Corporation. Van Dresser thereafter refused to pay Avtex for shipments of vinyon delivered to Van Dresser in late May, 1985. The invoices dated May 10 and 21, 1985 total $120,405.28. Van Dresser acknowledged that $120,405.28 was due Avtex but asserted monies claimed for rebates exceeded that sum and withheld payment.

Van Dresser has continued to satisfy its needs by purchasing vinyon from Celanese at $1.52 per pound.

The following facts are also found:

The July 1, 1982 letter from Spann (Avtex) to Bihun (Van Dresser), reciting the oral agreement reached on June 28, 1982, states in its entirety:

Mr. Edward J. Bihun

Executive Vice President

Van Dresser Corporation

75 Ontario Street

Norwalk, Ohio 44857

Dear Ed:

Thank you for the time taken to visit with us on Monday, June 28th. As discussed, the following proposal was outlined by Avtex and accepted by Van Dresser:

1. Avtex has agreed to a given model year pricing. According to our conversation, model year pricing for Van Dresser fits from August 1st through July 31st of the following year. Even though a 12¢ price increase will be effective October 1, 1982, in the interest of building our vinyon business with Van Dresser, Avtex has agreed to hold current vinyon pricing through July 31, 1983.

2. Volume discount off list pricing is as follows:
   Annual pounds of 500M lbs. — 10¢
   Annual pounds of 1MM lbs. — 15¢

These monies will be accumulated and rebated on an annual basis.

3. *Off quality savings*—Based on 200M annual pounds of off quality raw material at 30¢ a pound off list pricing. Avtex is to supply raw material samples and quality parameters for approval.

It is a pleasure to see the hard work beginning to pay off for Van Dresser and congratulations on your successes. Again, thank you for your cooperation, and I look forward to seeing you soon.

Sincerely yours,

Michael F. Spann

Northern Regional Sales Mgr.

Spann, who left his employment with Avtex in April, 1985, recalls the discussion with Bihun on June 28, 1982 and the terms of the agreement reached at that meeting. Bihun does not recall the meeting cr the terms of the agreement. At that meeting, Spann told Bihun that the pricing was for the model year ending July 31, 1983.

He informed Bihun that the price of vinyon was being increased .12 per pound but that the price rise would not affect the agreement with Van Dresser and that the price would be maintained for the 1982–83 model year. It was Avtex's intent that the pricing agreed upon would remain in effect only for that one model year and that it would not be bound by the pricing or the rebate schedule thereafter.

In numerous subsequent meetings, Spann repeatedly asked Bihun to enter into a contract for model years 1983–84 and 1984–85. Bihun refused because Avtex would not consider selling automobile product vinyon solely to Van Dresser. As noted, the subject of rebates or volume discounts was not discussed.

Van Dresser's purchase orders, issued annually for each model year, contained the following statement under "General Terms and Conditions:

AGREEMENT OF THE PARTIES: This purchase order supercedes any and all prior written or oral agreements or quotations with respect to the goods covered hereby, and upon acceptance hereof in the manner provided herein, creates the exclusive agreement between the parties. This purchase order and the contract created by acceptance hereof as provided herein, may not be modified or rescinded except by a written agreement executed by an authorized representative of Buyer, provided, however, that all stenographic and clerical errors or omissions are subject to correction by Buyer."

The purchase orders issued by Van Dresser for 1982–83, 1983–84, and 1984–85 did not refer to the agreement referenced in the July 1, 1982 letter. The purchasing department staff were unaware of the agreement.

Both parties knew at all times the cumulative volume of vinyon purchased from Avtex in part because it appeared on each release document issued by Van Dresser's purchasing department. At the outset of model year 1982–83, it was unclear whether Van Dresser would exceed the rebate threshold. The long range projections given to Avtex by Van Dresser in March of 1982 suggested that vinyon purchases would be somewhat less than the rebate minimum in the first year, but Spann interpreted the projections to mean that the purchases would exceed the minimum and would amount to nearly 1 million pounds. Van Dresser's projections are based on the life of an automobile model, five to seven years, and its purchase orders precede deliveries of its product by about two years. It attempts to project its sales and production costs several years in advance.

In April, 1985 the parties representatives met to discuss the dispute as to rebates but were unable to settle their differences. Avtex factors its accounts receivable. When it sold to Celanese, it agreed to attempt to maintain customer loyalty. Van Dresser has developed a new process that will eliminate the need for vinyon in its products.

The following are conclusions of law:

The dispute between Avtex and Van Dresser involves a "transaction of goods" between "merchants" and is therefore governed by Article 2 of the Uniform Commer-

cial Code. 13 Pa.C.S.A. §§ 2101, 2104 (Purdon 1984). For model year 1982–83, Avtex contracted to sell Van Dresser vinyon for the fixed price of $1.52 per pound with volume rebates as confirmed in the letter of July 1, 1982.[2] The contract was performed by Van Dresser's blanket purchase order and periodic production orders and releases, together with the order acknowledgements and deliveries by Avtex. It expired, by its terms, at the end of the 1983 model year.

Thereafter, in model years 1984 and 1985, the sales contracts consisted of the annual blanket purchase orders submitted by Van Dresser and periodic production orders and releases, together with the order acknowledgements and deliveries by Avtex at a price of $1.52 per pound. *See* 13 Pa.C.S.A. §§ 2204, 2206, 2208 (Purdon 1984). For these model years, Avtex did not offer or agree to pay volume rebates.[3]

Accordingly, a decision will be entered in favor of plaintiff and against defendant for the amount claimed.

---

**2.** Whether or not the agreement was a unilateral or bilateral contract or a firm offer that was accepted by Van Dresser's purchase order, the legal consequences under these facts are the same. *See Williston On Sales,* § 7–3, 4, at 224–71 (4th Ed.1973).

**3.** In light of these conclusions, it is unnecessary to rule on the parties' other contentions.